S. STRONG & COMPANY v. J. D. KNUTESON and Another.[1]

December 24, 1903.

Nos. 13,729—(150).

**Trial—Submission of Issues.**

>    When a cause of action is conducted by counsel, and submitted by the court to the jury upon an issue consistent with the pleadings, it is not error if the court fails to submit to the jury other issues within the pleadings, attention not having been called to such omission by counsel.

Action in the district court for Polk county to recover from defendants, John D. Knuteson and K. N. Newton, $512.50, and interest, upon a promissory note. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Holston & Hagen* and *T. R. Brownlee,* for appellants.

*Brown & Kerr,* for respondent.

[1] Reported in 97 N. W. 659.

LEWIS, J.

Action on promissory note. For a first defense the answer denied that there was any consideration for the note, and for a second defense alleged that the note was executed and delivered by defendants in settlement of an option on ten thousand bushels of December wheat, purchased and sold by plaintiff for the Farmers' Elevator Association, and that plaintiff well knew at the time of the said transaction that it was not the intention of either party to the contract either to deliver on part of the plaintiff or to receive on the part of the Farmers' Elevator Association the wheat, but that both parties knew and only intended to speculate in the future price of wheat, and that no actual or bona fide purchase and sale was intended.

The history of the transaction shows that on April 10, 1901, a telegram was sent by defendant J. D. Knuteson to plaintiff, Minneapolis brokers, to buy ten thousand bushels of July wheat, followed by another telegram on June 28, 1901, to change the deal over to September, signed "Farmers' Elevator Association, per J. D. Knuteson." On June 21, 1901, a letter was written and signed by J. D. Knuteson, which referred to the transaction, but made no reference to the elevator association. Another communication, of date August 13, 1901, was signed by the same defendant, requesting the deal to be changed from September to December. On September 3 a statement of account was made out and sent by plaintiff to J. D. Knuteson, which account was made in the name of the Farmers' Elevator Association. The wheat having finally been sold at a loss, a promissory note for the amount of such loss was executed and delivered by defendants personally.

At the trial the court submitted the one question to the jury, viz.: Whether it was intended by the parties at the time plaintiff was instructed to purchase the wheat that actual wheat should be delivered, and if it was the intention that no actual grain should be delivered, that the difference between the price at the time it was bought and when it was closed out should be paid to one or the other whichever way the market went, then the transaction was simply a wager upon the price of the grain, and was void. From this instruction it is clear that the court considered that only one issue was raised by the pleadings, which was that the validity of the note depended upon the intention with which the parties entered into the transaction.

Upon this appeal it was urged by appellants that it conclusively appears from the evidence that the transaction was one between plaintiff and the elevator association; that defendants had nothing to do with the same, and consequently there was no consideration running to them for the execution and delivery of the note. While under the pleadings such an issue might have been litigated, it is quite evident from a consideration of the evidence introduced, the conduct of the trial, and its submission by the court, that no such issue was raised or tried. The court's attention was never called to the fact that there was such an issue in the case. No request was made to charge in respect thereto, no reference was made to it upon the motion for a new trial, and there are no assignments of error which properly bring the question before this court for review. The theory upon which the case was tried and submitted by the court to the jury is consistent with the pleadings, and the court was not of its own motion required to take notice of any other issues which might have been litigated.

Order affirmed.